† H. H. PIPER AND ANNA M. ROOTS. EXR'S v. JAMES A. WADDELL. ASS'N'E.

AFTER ORDER OF DISTRIBUTION NO ADDITIONAL ACCOUNT CAN BE ACQUIRED.

Where the account of an assignee shows that he has turned over all the assets to an assignee in bankruptcy, except certain merchandise on hand, the account is final, and the executors of such assignee cannot be required to file an account of the settlement of the trust.

Error to the Court of Common Pleas of Hamilton County.

†This judgment was affirmed by the supreme court, without report, 54 O. S., 652.

Guernsey Y. Roots, qualified as assignee of the Mason City Coal & Salt Co., of W. Va., in the year 1871, in the Probate Court of Hamilton county. Afterwards an assignee in bankruptcy, James A. Waddell, was appointed by the U. S. Court of West Virginia. On July 30, 1872, Roots filed a final account in the probate court of Hamilton county, in which he reported he had turned over to Waddell, assignee in bankruptcy, all the assets of the Mason City Coal and Salt Co., except 14,000 barrels of salt which he had on hand and in the hands of commission merchants. Thereupon he was ordered and directed by the probate court to collect the proceeds of said 14,000 barrels of salt, and to turn the same over to the said Waddell, assignee in bankruptcy. No further report or account was ever filed by Roots in the probate court. On August 3, 1872, his so called report of July 30, 1872, was approved and confirmed.

A petition and citation was filed in the probate court in the year 1891, and said court thereupon directed H. H. Piper and Anna M. Roots, the executors of Guernsey Y. Roots to file an account showing the disposition of the proceeds of said fourteen thousand barrels of salt, Guernsey Y. Roots having in the meantime died.

Exceptions were taken to this order of the probate court, and the case carried to the common pleas, where the judgment of the probate court was affirmed.

PER CURIAM.

"A majority of the court is of the opinion that the account filed G. Y. Roots, as assignee of The Mason City Coal & Salt Co., on July 30, 1872, was for a final settlement of his accounts with said trust, and that the approval thereof by the probate court of this county on August 3, 1872, and the order then made that Roots should turn over the property and assets of the said estate in his hands to Waddell, who had been legally appointed as assignee in bankruptcy of said company, operated to discharge Roots from such trust, and the executors of the will of said Roots cannot now be legally called upon or required by the probate court to file an additional account for the settlement of said trust; and that the order made, by the probate court on February 4, 1891, directing such executors to file such account, was erroneous, and that it was such a final order as may be reviewed on error."

Judge Smith dissents from this judgment, being of the opinion that the order complained of was not such a final order as may thus be reviewed on error; and that the alleged settlement of August 3, 1872, was not a final settlement by Roots of said trust, the order of the probate court having been made within five days of the filing of the account, and therefore not dealt with as a final account for settlement; and that it did not purport to be a final settlement, but showed that there was a large amount of assets in the hands of the assignee, yet to be collected by Roots and paid to Waddell, and that the probate court in 1891 had full authority to order the executors of Roots to file an additional and final account of the subsequent administration of the trust by Roots. If such account should show that all of the estate and assets, which came into the hands of Roots as assignee, had been administered by him, or turned over to Waddell, the assignee in bankruptcy, in obedience to the order of court, this would doubtless operate as a full discharge of Roots. But this was a matter to be determined on the filing of the account.

Judgment reversed.

Swing & Morse, for plaintiffs in error.

Wm. F. Avery and J. F. Pogue, for defendant in error.